UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

LEVON COTTON,

                Plaintiff,                Civil Action No. 13-13170
                                                  Honorable Denise Page Hood
        v.                                  Magistrate Judge David R. Grand

E. CERNY, WAYNE GROAT, D.
McCOY, E. SCHOENDORF, K.
SCHALKI, A. SALERNAS, SUSAN
HAVELKA, C. PRICE, L.
STEMPEK, R. HEINZE, STEVEN
RIVARD, A. HAWKINS,

                Defendants.
_____/

**REPORT AND RECOMMENDATION TO GRANT MDOC DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT [19] AND DEFENDANT GROAT'S
MOTION FOR SUMMARY JUDGMENT [24] AND TO DISMISS PLAINTIFF'S
COMPLAINT [1] WITHOUT PREJUDICE**

**I.    RECOMMENDATION**

Before the Court are Defendants Michael Cerny, Gary McCoy, Scott Schoendorf, Russell Schalk, Ernesto Salina, Susan Havelka, Craig Price, Jeremy Heinze, Steven Rivard, Audie Hawkins and Michael Stempek's (collectively the "MDOC Defendants") Motion for Summary Judgment based on Plaintiff Levon Cotton's failure to exhaust his administrative remedies. [19]. Also before the Court is Defendant Wayne Groat's Motion for Summary Judgment, premised on the same argument. [24]. Despite an Order of the Court requiring Cotton to file a response to these motions on or before March 3, 2014, no response has been filed. After reviewing the Motions, the Court finds them well-taken and RECOMMENDS that they be GRANTED. In addition, the Court RECOMMENDS that Cotton's complaint be DISMISSED WITHOUT PREJUDICE.

**II.     REPORT**

   **A.     Background**

On July 23, 2013, Plaintiff Levon Cotton, a prisoner proceeding *pro se*, filed suit in this Court alleging violations of various Constitutional rights. All Defendants were served, and on November 13, 2013, the MDOC Defendants filed a motion for summary judgment. [19]. Defendant Groat filed his own motion for summary judgment on January 7, 2014. [24]. Both motions argue that Cotton's complaint should be dismissed because he failed to exhaust his administrative remedies before filing suit in this Court. [19. 24]. For each motion, the Court issued an order setting the briefing schedule, requiring Cotton's responses to be filed by December 16, 2013, and February 6, 2014, respectively. [20, 25]. Copies of those orders were served on Cotton by first class mail at the address the Court has on file for him on November 14, 2013 and January 8, 2014, respectively. On February 13, 2014, the Court issued to Cotton an Order to Show Cause why the Defendants' motions should not be granted, due to his failure to respond. [26]. The Court gave Cotton until March 3, 2014, to respond to the Order. (*Id.*). To date, Cotton has not responded to the Court's Order, nor to the Defendants' motions.

   **B.     Analysis**

      **1.     PLRA**

The PLRA provides that a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must first exhaust available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Churn*er, 532 U.S. 731, (2001). A prisoner must exhaust available administrative remedies, even if he may not be able to obtain the specific type of relief he seeks in the state administrative process. *See Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741. One reason for requiring exhaustion of prisoner grievance procedures prior to filing suit under

PLRA was to create an administrative record for the court. Further, requiring exhaustion allows prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court. This has the potential to reduce the number of inmate suits, and also to improve the quality of suits that are filed by producing a useful administrative record. *Jones v. Bock*, 549 U.S. 199, 204, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007). In order to properly exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the applicable deadlines and other procedural rules. *Id*. at 218; *Woodford v. Ngo*, 548 U.S. 81, 90-91, 126 S. Ct. 2378, 165 L. Ed. 2d 368 (2006). "Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.'" *Jones*, 549 U.S. at 218.

### 2. *MDOC Grievance Process*

The Michigan Department of Corrections ("MDOC") requires prisoners to follow a three-step process to exhaust grievances. *See* Policy Directive 03.02.130 (effective July 9, 2007). A prisoner must first attempt to resolve a problem with the staff member within two business days of becoming aware of the grievable issue, unless prevented by circumstances beyond his or her control. *Id*. at ¶ P. If the issue is not resolved, then the grievant may file a Step I grievance on the prescribed form within five business days after the grievant attempted to resolve the issue with appropriate staff. *Id*. at ¶¶ P and R. The Policy Directive provides the following directions for completing grievance forms:

> The issues should be stated briefly but concisely. Information provided is to be limited to the facts involving the issue being grieved (i.e., who, what, when, where, why, how). Dates, times, places and names of all those involved in the issue being grieved are to be included.

*Id*. at ¶ R (emphasis in original). The prisoner must send the Step I grievance to the appropriate grievance coordinator. *Id*. at ¶ V. If the prisoner is dissatisfied with the Step I response, or does

3

not receive a timely response, he must request the appropriate form and send it to the Step II Grievance Coordinator. *Id.* at ¶ BB. Finally, if a prisoner is dissatisfied with the Step II response, or does not receive a timely response, he must send a completed Step III grievance, using the appropriate form, to the Grievance and Appeals Section. *Id.* at ¶ FF.

### 3.  *Cotton failed to properly exhaust his claims*

Cotton filed the present action on July 23, 2013. [1]. Cotton alleges that on June 12, 2013, he was verbally harassed by several of the MDOC defendants, and that they showed others his conviction sheet listing his offense as criminal sexual conduct, which created concerns for his safety among the prison population. He filed a grievance the same day, a copy of which is attached to the MDOC Defendants' and Defendant Groat's motions. (Mot. Ex. C). Cotton alleges that the next day, on June 13, 2013, after learning that he filed a grievance against them, several of the MDOC defendants issued him misconduct tickets for allegedly making threats against them. Cotton alleges that these tickets were falsely issued. Cotton attaches copies of these tickets to his complaint, along with a segregation behavior review report dated July 10, 2013. (Cplt. at 27-30). Cotton makes additional allegations in his complaint that need not be addressed for purposes of the present motion.

In addition to Cotton's Step I grievance pertaining to the June 12, 2013 conduct, (which was filed that same day), Defendants also attach the response to that grievance, issued on June 24 2013, and returned to Cotton on July 3, 2013. (Mot. Ex. C). They further attach Cotton's Step II grievance drafted on July 8, 2013, and received by MDOC on July 30, 2013 and returned to Cotton on July 31, 2013. (*Id.*). Finally, Defendants attach a report showing that Cotton's Step III grievance was received by MDOC on August 15, 2013, and that, as of October 17, 2013, it

4

had not yet been responded to. (Mot. Ex. B).[1]

The PLRA provides that "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement is mandatory and applies to all suits regarding prison conditions, regardless of the nature of the wrong or the type of relief sought. *Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741. As explained above, the grievance procedures allow the prison and/or party being grieved to consider the grievance and promote efforts to resolve the matter short of the grievant filing a lawsuit. When a grievant files a complaint before the grievance process is complete, as Cotton did here, he improperly subverts that process. *Jones*, 549 U.S. at 204. And, the law is clear that a prisoner "may not exhaust administrative remedies during the pendency of the federal suit." *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999).

The uncontested record establishes that Cotton had not exhausted his grievance at the time he filed the instant action, since he filed his complaint even prior to receiving a response to his Step II grievance, let alone before completion of the entire grievance process. Accordingly, Cotton did not properly exhaust the claims alleged in his grievance to allow him to file suit in this Court on those claims. *See Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741; *Freeman*, 196 F.3d at 645; *see also, Cameron v. Howes*, No. 10-539, 2012 U.S. Dist. LEXIS 120598 (W.D. Mich. Aug. 6, 2012) *adopted by* 2012 U.S. Dist. LEXIS 120078 (Aug. 24, 2012) (claim that was not exhausted until after prisoner filed his civil rights action was not properly exhausted) *citing*

---

[1] According to Policy Directive 03.02.130, the entire grievance process generally takes 120 days from the filing of a Step I grievance through the final determination of a Step III grievance. (*Id.* ¶ S). Because Cotton filed this suit before he received his Step II grievance response, it is irrelevant he had not received a Step III response prior to October 17, 2013.

*Freeman*, *supra*. Therefore, Defendants are entitled to summary judgment on Cotton's complaint, though his complaint should be dismissed without prejudice. *Boyd v. Corrections Corp. of America*, 380 F.3d 989, 994 (6th Cir.2006) (citing *Knuckles El v. Toombs*, 215 F.3d 640 (6th Cir.2000)); *see also Morris v. Newberry Corr. Facility*, No. 11-10839, 2013 U.S. Dist. LEXIS 152958, *4 (E.D. Mich. Aug. 28, 2013).

### III.  CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** that the MDOC Defendants', and Defendant Groat's Motions for Summary Judgment **[19, 24]** be **GRANTED** and that Cotton's complaint **[1]** be **DISMISSED WITHOUT PREJUDICE**.

Dated: March 11, 2014                             s/David R. Grand
Ann Arbor, Michigan                               DAVID R. GRAND
                                                  United States Magistrate Judge

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir.1991); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir.1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir.1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge. A party may respond to another party's objections within 14 days after being served with a copy.

*See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

**CERTIFICATE OF SERVICE**

      The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 11, 2014.

                                        s/Felicia M. Moses_____
                                        FELICIA M. MOSES
                                        Case Manager